UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINGULAR WIRELESS, LLC , a Delaware corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>THURSTON COUNTY, a Washington municipal corporation,<br><br>      Defendant,<br><br>and<br><br>NORTH OLYMPIC FIRE DEPARTMENT, a property owner; KENDALL KEATING, an individual,<br><br>      Necessary Parties. | Case No. C03-5400FDB<br><br>ORDER |

    Cingular Wireless challenges Thurston County's denial of a permit of construct a wireless communication facility in Olympia, Washington.  This Court stayed the Federal claims pending the outcome of the LUPA claims in state court.  On appeal, the Ninth Circuit held that the Court's stay of the Federal claims did not justify dismissal of the state claims vacated the order and remanded this matter, stating that the district court may consider the effect of the pending state court proceedings

ORDER - 1

on the federal litigation and its decision whether to exercise supplemental jurisdiction over the state law claims.

Following the remand, the parties filed a Joint Status Report stating that Cingular's claim under the Federal Telecommunications Act (47 U.S.C. § 332) is the only issue that remains for disposition, that Cingular re-filed its state law claims in state court, and agreed to dismiss its state law claim before this Court as well as its claim under the Civil Rights Act, 42 U.S.C. § 1983. The parties then proposed a round of supplemental briefing, noting that since the earlier briefs were filed, the Ninth Circuit has issued a new decision that affects this case.

Supplemental briefs have been filed, and the matter is ready for the Court's consideration on Cingular's claim under the Federal Telecommunications Act (FTA).

Cingular contends that Thurston County's decision to deny Cingular's special use permit application to construct a wireless communications facility (WCF) needed to fill a coverage gap should be reversed because it violates the FTA in three ways: (1) unreasonable discrimination, (2) effectively prohibits wireless services, and (3) the decision was not supported by substantial evidence.

Cingular describes ten instances where Thurston County approved WCF permits to Cingular's competitors. The described instances are similar, but in many cases, there was less mitigation of the cell tower's presence than that proposed by Cingular. Seven towers were taller, and in other cases, the buffer zone of trees surrounding the tower was smaller. All ten of the approved WCFs were on land zoned for less density than the parcel on which Cingular proposed its WCF. Many of the WCFs also caused negative visual impacts on their surroundings. Thurston County denied a special use permit for another Cingular tower as well, although that denial is not at issue here, as Cingular prevailed on appeal.

The WCF permit here is sought by Cingular to fill a service gap near Budd Inlet. Cingular states that its acquisition of AT&T has not closed the gap. In *MetroPCS, Inc. v. City and County of*

ORDER - 2

*San Francisco*, 400 F.3d 715, 731 (9th Cir. 2005), the Ninth Circuit held that local governments run afoul of the "effective prohibition of service" clause in the FTA when they prevent wireless service providers from closing a "significant gap" in service coverage. While the Hearing Examiner concluded there was a gap in Cingular's coverage, the Examiner erroneously concluded that other providers serve Budd Inlet adequately. Under *MetroPCS,*, however, "a significant gap in service (and thus an effective prohibition of service) exists whenever a provider is prevented from filling a significant gap in <u>its own</u> service coverage." *Id.* at 733 (emphasis in original). In filling this gap, Cingular asserts that it could not identify a less intrusive site to close its coverage gap, and states that the County has not identified any such alternative.

In assessing the significance of a coverage gap, *MetroPCS* explained that such inquiries are fact intensive and defy a bright line rule, and that the gap must truly be significant and not just a few dead spots over a few blocks in a large city. *Id.* 400 F.3d at 733. The Hearing Examiner found that Cingular has a gap of two to three miles in which subscribers have no in-vehicle or in-home service. While Thurston County argues that this gap is not "significant," the Court agrees that this gap is more significant than a few dead spots over a few blocks.

Cingular contends that its proposal uses the least intrusive means available under the Thurston County Code to close the significant service gap. A wireless service provider must show that "the manner in which it proposes to fill the significant gap in service is the <u>least intrusive on the values that the denial sought to serve</u>." *MetroPCS*, 400 F.3d at 734 (quoting *Pittsburgh LP v. Penn Township, Butler County*, 196 F.3d 469, 480 (3d Cir. 1999)(emphasis in original)). The "least intrusive" means standard requires:

> a showing that a good faith effort has been made to identify and evaluate less intrusive alternatives, e.g., that the provider has considered less sensitive sites, alternative system designs, alternative tower designs, placement of antennae on existing structures, etc.

*Penn Township*, 196 F.3d at 480; *see also MetroPCS*, 400 F.3d at 735 (adopting "least intrusive

ORDER - 3

means" standard from *Penn Township*.). Cingular cites to the record showing that it surveyed existing WCF facilities to see whether a co-location would close the service gap, but found none in the area; it reviewed site alternatives within the service gap and selected a site that was zoned for the greater density and selected one of the few non-residential properties within the area; it volunteered to provide a 50-foot tree buffer around the WCF; and designed its WCF to conform to Thurston County's height, color, setback, access, and security requirements under the Code.

Thurston County contends that Cingular has not demonstrated the least intrusive means because at one point in the record Cingular stated "... a tower as low as 120 feet, while not satisfactory, is more desirable than no tower at all." (Record p. 18, Cingular's Appeal Brief.) Out of all the cited efforts that Cingular made, this statement, made for whatever reason, does not indicate that Cingular's proposal is the result of failure to consider alternatives and nor does it demonstrate that Cingular's proposal is not the least intrusive means to eliminate the service gap.

Cingular has demonstrated that Thurston County has violated the Federal Telecommunications Act by unreasonably discriminating against Cingular, by reaching a decision on Cingular's WCF proposal that has the effect of prohibiting wireless services, and by failing to base its decision on substantial evidence.

Thurston County argues that all the grounds cited by Cingular for reversal of the superior court's decision, which articulated three reasons for rejecting Cingular's Land Use Petition, are foreclosed from further litigation under the doctrine of claim preclusion. Thurston County's res judicata argument is not persuasive in the context of the application of the Federal Telecommunications Act and the current posture of this case on remand.

Accordingly, Thurston County's decision to deny Cingular's special use permit application to construct a wireless communications facility needed to fill a coverage gap is reversed because it violates the Federal Telecommunications Act as discussed above and more fully elaborated in Cingular's briefing.

ORDER - 4

NOW, THEREFORE, IT IS ORDERED:

1. Cingular's claim under the Federal Telecommunications Act (47 U.S.C. § 332) to reverse Thurston County's denial of Cingular's special use permit application to construct a wireless communications facility needed to fill a coverage gap is GRANTED; Thurston County's denial of Cingular's special use permit application is REVERSED and Thurston County is ordered to APPROVE Cingular's special use permit application.

2. There being nothing further before the Court, this cause of action is DISMISSED, and

3. The Clerk shall enter JUDGMENT for Cingular Wireless, LLC.

DATED this 29th day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5